The Honorable Christopher M. Alston
Chapter 7
Hearing Location: Telephonic
Hearing Date: April 17, 2020
Hearing Time: 9:30 a.m.
Response Date: April 10, 2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re: | Chapter 7 |
| | No. 19-10862 |
| LINDA LEE PARKER | |
| | TRUSTEE'S RESPONSE |
| | TO DEBTOR'S MOTION |
| | FOR AN ORDER |
| Debtor. | TO COMPEL ABANDONMENT |

COMES NOW Ronald G. Brown, Chapter 7 Trustee, and responds to the Debtor's Motion for an Order to Compel Abandonment as follows:

1. The debtor originally filed Chapter 13 proceedings on March 13, 2019, and subsequently converted to Chapter 7 proceedings on July 11, 2019. The debtor's husband died on June 25, 2019, during the Chapter 13 proceedings. The debtor's real property is jointly owned with her husband.

2. The debtor filed a Statement of Intent to surrender the property. Trustee's Declaration, Exhibit 1. As a result, the bankruptcy estate obtained the appointment of a real estate in a court order on September 10, 2019. to evaluate, and if appropriate, sell the residential real property. Trustee's Declaration, Exhibit 2. After obtaining an evaluation from the real estate agent, the trustee proposed a sale by the bankruptcy estate in which some funds would be paid to the debtor. The debtor rejected the trustee's proposal.

3. After rejecting the trustee's proposal, the debtor, without notice to the court or the trustee, listed the property for sale. Trustee's Declaration, Exhibit 3. After the trustee objected to

TRUSTEE'S RESPONSE - 1

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

1. the debtor's listing of the property, the property was listed "temporary off market." Trustee's Declaration, Exhibit 4. However, the property listing was not withdrawn or terminated by the debtor and the debtor's real estate agent. The current status of the property listing continues to be the property is "temporary off market."

4. The debtor claims a state homestead exemption pursuant to RCW 6.13.030. The trustee does not dispute that the debtor currently resides in the property and may at this time assert an exemption claim; however, pursuant to RCW 6.13.070, the exemption claim funds are "proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead." The debtor must re-invest proceeds from a homestead sale into a new homestead purchase within one year of the date of sale. In this case, based upon the current motion and the record from the court, the debtor has not filed any declaration or other pleading regarding her good faith intent on the use of homestead exemption claim funds.

5. What is evident is that the debtor has demonstrated a lack of good faith by retaining a real estate agent, listing the property without first obtaining court authorization, and continuing, by retaining a real estate agent, to keep the property listing on a stand-by basis. Based on the debtor's actions, the court should not grant an order for abandonment without further inquiry of the debtor and her current intent regarding the property. The court also should consider whether it may be appropriate, under these circumstances, that any homestead exemption claim funds from a sale of the property be sequestered, either held by the bankruptcy estate or by the trust account of debtor's counsel, to secure the funds for one year from the date of sale of the property to determine if the debtor's homestead exemption claim is valid or subject to further challenge.

DATED this 8th day of April, 2020.

/s/ *Ronald G. Brown*
Ronald G. Brown, Trustee, WSBA #8816

TRUSTEE'S RESPONSE - 2

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7785 FACSIMILE

Case 19-10862-CMA    Doc 57    Filed 04/08/20    Ent. 04/08/20 10:49:32    Pg. 2 of 2